(24 Civ. Proc. R. 264.)

### In re BASCH'S ESTATE.

(Surrogate's Court, New York County. March 11, 1895.)

EXECUTORS AND ADMINISTRATORS—DISCOVERY OF DECEDENT'S PROPERTY.
Code Civ. Proc. § 2709, provides that a proceeding for the examination of a person concerning personal property in his possession, alleged to belong to decedent, shall be dismissed as to the property so claimed, where a verified answer is interposed, stating that such person is the owner of the property, or entitled to its possession. Held, that after such answer is interposed the proceeding cannot be continued in order to examine the party for the purpose of procuring the disclosure of any knowledge or information concerning the property which he may have.

Proceeding to discover personal property alleged to belong to the estate of Joseph Basch, deceased. Dismissed.

Jacob Fromme, for respondent.

ARNOLD, S. This is an application by the public administrator for an examination of the respondent touching certain personal property in her possession, which he alleges upon information and belief belonged to the decedent. A citation and order having been granted and served upon her, the respondent appears and files a verified answer, claiming to be "the owner of each and every item and article of property in said petition enumerated," and thereupon asks, by virtue of the provisions of section 2709 of the Code, for a dismissal of the proceedings. The public administrator, conceding that the issues made by the petition and answer cannot be tried in this court, and that no order for the delivery of the property in question can be made, nevertheless claims the right to proceed with the examination of the party for the purpose of procuring the disclosure of any knowledge or information concerning the property which she may have. The proceedings for discovery by the public administrator are regulated, where he is acting under letters of administration granted to him by the surrogate, by the provisions of the Code. In re Elias, 4 Dem. Sur. 139. The purpose of these provisions is to enable the legal representative of an estate to obtain possession of property belonging to it which is withheld from

him.   Two classes of persons may be cited,—those who have possession or control of the property in question, and who can therefore deliver it if required so to do, and those who only have knowledge or information concerning it.   Section 2707, Code.   If on the return day the person cited interposes a written answer, duly verified, that he is the owner of the property or entitled to its possession by virtue of a lien thereon or special property therein, the surrogate must dismiss the proceedings as to such property so claimed.   If no such claim is made as so provided, the examination must proceed.   The result is that, where claim of title is interposed, the surrogate is ousted of jurisdiction, and cannot decide the question raised, the parties being remitted to another tribunal, wherein a jury trial or other proper and constitutional disposition of the issues may be had.   If no claim is made to the title or possession of the property, a full inquiry is allowed for the purpose of ascertaining what knowledge or information the person cited has as to the property.   In this case the party comes before the court, and files a written and verified answer, claiming absolute ownership of all the property in question.   Under such circumstances, no examination is permissible, and if it were allowed no order could be made for the delivery or disposition of the property based upon it. The provisions of the statute are peremptory, to whichever of the two classes mentioned the party cited may, upon the face of the petition, belong.   It is true that section 2709 provides that the proceedings shall be dismissed as to the property claimed, but that is meant to cover a continuance as to such property mentioned in the petition as is not claimed by the answer.   If there be any such, and the answer admits possession or control, as well as ownership, by the estate, suitable provision may be made for its delivery to the legal representative.   If full concession in these respects is not made, then the party must submit to full examination as to what he knows or has been informed as to such part of the property described in the petition to which he asserts neither title or lien nor special interest.   Here the ownership of all the property is claimed in hostility to the public administrator, as legal representative of the intestate.   The proceedings are dismissed.